IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge R. Brooke Jackson

Civil Action No 15-cv-02168-RBJ

MICHAEL SEDOY and NATALIA SHVACHKO,

    Plaintiffs,

v.

JW VENTURES, LLC,
JOHN PROVINE,
JAMES G. FARMER, and
CHARLES CUNNIFFE,

    Defendants.

---

## ORDER

---

Defendants JW Ventures, LLC, John Provine and Charles Cunniffe move to dismiss pursuant to Fed. R. Civ. P. 12(b)(6) for failure to state a claim on which relief could be granted. The motion is granted as to JW Ventures, LLC and granted in part but denied in part as to Mr. Provine and Mr. Cunniffe.

## BACKGROUND

Michael Sedoy and Natalia Shvachko are a married couple whose primary residence allegedly is New York City. JW Ventures, LLC is a Colorado limited liability company. John Provine, James G. Farmer and Charles Cunniffe are, or at least were at times relevant to this case, members of JW Ventures. Plaintiffs, sometimes referred to in this case as the Sedoys, assert federal jurisdiction on the basis of diversity of citizenship pursuant to 28 U.S.C. § 1332.

In 2009 JW Ventures completed construction of a multi-purpose building at 308 E. Hopkins Avenue in downtown Aspen, Colorado. The building was designed to have commercial spaces in its lower basement level and on the ground floor. There are three "affordable housing" units on the second floor. Finally, there are two luxury residential units, sometimes referred to as the "free market units," one on the second and the other on the third floor of the building.

Plaintiffs allege that in 2006, when the project was first presented to the Aspen Historic Preservation Commission, defendants represented that the primary entry for the affordable housing units and the free market units would be through the east entry and elevator. Defendants made the same representation to the Aspen Planning & Zoning Commission and to the Aspen City Council in 2007. The Commissions and the City Council all approved the project on that basis and, apparently, also that one or both of the commercial units in the building would also be entitled to use the east entry.

JW Ventures leased the affordable housing units to local residents. Restaurants leased the two commercial spaces. But as of May 2011 the free market units had not been rented or sold. That is when the Sedoys began negotiations for the possible purchase of the two free market units. According to them, JW Ventures was experiencing financial difficulties at the time. The members had to go into pocket to keep JW Ventures afloat, and the construction lender was threatening foreclosure.

The Sedoys wanted the east entry and elevator to be exclusively for their use. Whether they were informed that the development had been approved on the basis that the east entry and elevator would also be used by the residents of the affordable housing units appears to be a disputed fact. Regardless, plaintiffs claim that, to induce them to buy the free market units,

defendants promised that the entry and elevator would be for them alone. They claim that they bought the units based on that representation, paying $6.27 million and later spending another $2 million building out the units.

Problem is, when the plaintiffs' architect submitted the build-out plans to the Aspen Building Department, he learned that the Sedoys could not have exclusive access. Rather, the east entry and elevator had to be available for access to the affordable housing units and for handicapped access. The Sedoys were unhappy and apparently resistant, because in July 2013 the City of Aspen sued them and JW Ventures "based on their interference with access to Unit LL1 and the Affordable Housing Units via the east entry and elevator." First Amended Complaint, ECF No. 85, at ¶42. The Sedoys cross-claimed against JW Ventures for breach of contract.

The state court awarded them $1.28 million (plus pre-judgment interest and attorney's fees) on their cross-claim. *Id.* at ¶¶46-47.[1] They believe that JW Ventures is unable to satisfy the judgment. *Id.* at ¶48. In the present case plaintiffs originally joined a number of individuals and entities as defendants, but all have either been dismissed or, in the case of Mr. Farmer, settled except JW Ventures, Mr. Provine and Mr. Cunniffe. They assert claims of fraud against the three remaining defendants and negligent misrepresentation against JW Ventures and Mr. Cunniffe. *Id.* at ¶¶163-75. They add a third claim against Mr. Provine and Mr. Cunniffe based

---

[1] A copy of the Pitkin County District Court's 90-page "Order After Trial" can be found at ECF No. 38-1. This Court takes judicial notice of that order. The court found against the Sedoys on their claim of a breach of what it called the Amend/Extend contract. However, it found in their favor on the claim of breach of the warranty deed and breach of the condominium declaration. *Id.* at ¶¶486-517. The court awarded $1.28 million in damages on those claims plus pre-judgment interest and attorney's fees. *Id.* at ¶¶503, 510, 554, and pages 89-90. The court also found in their favor on cross-claims for nuisance and injunction arising from noise created by the restaurants in the commercial units and an injunction prohibiting JW Ventures from changing the use of those units to anything other than restaurant, office or retail without their consent, but no damages were awarded on those claims. *Id.* at ¶¶523-46.

on the allegation that they received distributions without paying JW Ventures a reasonably equivalent value in order to hinder, delay, or defraud JW Ventures' creditors. *Id.* at ¶¶176-83.

The case is set for a trial to the court beginning January 23, 2017. A trial preparation conference on December 2, 2016 served, among other things, as a reminder that a motion to dismiss has been pending for several months. JW Ventures, Mr. Provine and Mr. Cunniffe filed their Rule 12(b)(6) motion to dismiss on April 13, 2016. ECF No. 87. Plaintiffs responded on May 25, 2016. ECF No. 96. Defendants replied on June 9, 2016. ECF No. 102. The Court apologizes to these parties for its delay in addressing the motion.

## STANDARD OF REVIEW

To survive a 12(b)(6) motion to dismiss, the complaint must contain "enough facts to state a claim to relief that is plausible on its face." *Ridge at Red Hawk, L.L.C. v. Schneider,* 493 F.3d 1174, 1177 (10th Cir. 2007) (quoting *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 570 (2007)). A plausible claim is a claim that "allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). While the Court must accept the well-pleaded allegations of the complaint as true and construe them in the light most favorable to the plaintiff, *Robbins v. Wilkie,* 300 F.3d 1208, 1210 (10th Cir. 2002), conclusory allegations are not entitled to be presumed true, *Iqbal,* 556 U.S. at 681. However, so long as the plaintiff offers sufficient factual allegations such that the right to relief is raised above the speculative level, he has met the threshold pleading standard. *See, e.g., Twombly,* 550 U.S. at 556; *Bryson v. Gonzales,* 534 F.3d 1282, 1286 (10th Cir. 2008).

## ANALYSIS AND CONCLUSIONS

### A. Claims against Defendant JW Ventures.

Defendants claim that the fraud and negligent misrepresentation claims against JW Ventures were litigated in the state court case and are, therefore, barred by the doctrines of res judicata or claim preclusion. I agree.

Plaintiffs asserted in the state case that JW Ventures falsely represented that they would have the exclusive right to access their units through the east entry and elevator. They asserted breach of contract, breach of warranty deed, and breach of the condominium declaration and obtained a judgment for $1.28 million plus interest, costs and attorney's fees. Federal courts apply state law on res judicata to state law claims in diversity cases. *Heinhold Hog Market v. McCoy,* 817 F.2d 81, 82 (10th Cir. 1987). Claim preclusion under Colorado law "bars a litigant from splitting claims into separate actions because once judgment is entered in an action it 'extinguishes the plaintiff's claim . . . includ[ing] all rights of the plaintiff to remedies against the defendant with respect to all or any part of the transaction, or series of connected transactions, out of which the action arose.'" *Argus Real Estate, Inc. v. E-470 Public Highway Authority,* 109 P.3d 604, 609 (Colo. 2005).

In plaintiffs' response to the pending motion they note that, in Colorado, cross-claims are permissive, not compulsory, and "[t]hus, cross-claims trigger claim preclusion only if they were actually raised and decided in the earlier action." *Continental Divide Ins. Co. v. Western Skies Management, Inc.,* 107 P.3d 1145, 1147 (Colo. App. 2004) (holding that a defendant's claim against a co-defendant for indemnity was not barred by claim preclusion). However, that broadly stated proposition of law, arising on quite different facts, does not give the Sedoys

5

license to sue JW Ventures on a contract theory in one court and turn around and sue JW Ventures a second time on a different legal theory but the same factual basis in another court. Nor, frankly, do I understand what possibly could be gained, since they have what they claim is an uncollectable judgment against JW Ventures in state court already.

During the recent trial preparation conference I asked plaintiffs' present counsel, who is not the lawyer who filed the First Amended Complaint, about the basis for the claim against JW Ventures in the case. I do not recall my exact question or his exact response, but the essence of it was that he did not know why JW Ventures should remain in the case. Neither do I.

### B. <u>Misrepresentation Claims against Defendants Provine and Cunniffe</u>.

I do not agree, however, that the fraud and negligent misrepresentation claims against Mr. Provine and Mr. Cunniffe are barred by res judicata. Claim preclusion under Colorado law requires identity of subject matter, identity of claims for relief, and identity or privity between the parties. *Argus,* 97 P.3d at 217. Neither gentleman was a party in the state case. That alone tends to negate claim preclusion. *Cf. New Crawford Valley, Ltd. v. Benedict,* 877 P.2d 1363, 1367 (Colo. App. 1993) (prior suit against corporation was not res judicata as to directors who were not joined as parties).

But even if I assume that there was privity among the members and the LLC, there is no identity of subject matter or claims. Mr. Provine and Mr. Cunniffe were not parties to the contracts at issue in the state case. It is true that in both cases the Sedoys' claims arise out of their inability to have the exclusive right of access to the east entry and elevator. But JW Ventures' liability was based on the state court's finding that it broke agreements contained in

the warranty deed and condominium declaration. The liability of Mr. Provine or Mr. Cunniffe, if any, would be based on specific misrepresentations that they individually made to the Sedoys.

Members of an LLC are not vicariously liable for the LLC's debts. They can be held liable for the LLC's debts only by piercing the corporate veil. C.R.S. § 7-80-107(1). *Cf. Sheffield Services Co. v. Trowbridge,* 211 P.3d 714, 719-20 (Colo. App. 2009) (applying the section to a manager of an LLC). Plaintiffs have not alleged that the corporate veil should be pierced.

However, members of an LLC can be held liable for their own torts, even if they purportedly were acting on behalf of the corporation, so long as they personally participated in the act constituting the tort. *See Hoang v. Arbess,* 80 P.3d 863, 867-88 (Colo. 2003). Plaintiffs allege that prior to the sale of the free market units to them Mr. Provine and Mr. Cunniffe knew that all units in the building were required to have access to the east entry and elevator. ECF No. 85 at ¶22. Indeed, Mr. Cunniffe was not only a member of the LLC but served as the architect for the building. *Id.* at ¶23. Plaintiffs allege that all members of the LLC "actively participated in the sales process as it related to representations and due diligence." *Id.* at ¶31. They allege that JW Ventures "and its members" knowingly misrepresented to them that they would have exclusive access to the east entry and elevator. *Id.* at ¶33. They later repeat the allegation that Mr. Provine and Mr. Cunniffe "each made false representations that the Sedoys would have exclusive access to the east entry and elevator if they purchase the Free Market Units," knowing that they were false and with the intent to induce the Sedoys to purchase the units. *Id.* at ¶¶164, 166-167.

I do not, of course, know whether those allegations are true or whether they can be proven to a preponderance of the evidence. However, construing these factual allegations as true at this stage, I find that plaintiffs have sufficiently alleged personal participation in a tort (fraudulent or negligent misrepresentation) to withstand the motion to dismiss.

### C. Fraudulent Transfer Claim.

Finally, I agree with defendants that the third claim asserting fraudulent transfer, at least as asserted in the First Amended Complaint, fails. Plaintiffs allege, "upon information and belief," that Mr. Provine and Mr. Cunniffe received distributions from JW Ventures. ECF No. 85 at ¶177. The "exact dates and amounts of these transfers are known to Defendants but unknown to the Sedoys." *Id.* at ¶178. Nonetheless, they allege, "upon information and belief," that Mr. Provine and Mr. Cunniffe did not provide reasonably equivalent consideration in exchange, and that they had the intent to hinder, delay or defraud the creditors of JW Ventures. *Id.* at ¶180. They assert that they are liable under the Colorado Uniform Fraudulent Transfer Act (CUFTA), which provides that in certain circumstances a transfer made by a debtor is fraudulent as to a creditor if it was made with the intent to hinder, delay, or defraud the creditor or without receiving a reasonably equivalent value in exchange. C.R.S. § 38-8-105.[2]

Defendants argue that any distributions to the members of JW Ventures in 2011 out of the proceeds of the sale of the free market units to the Sedoys cannot be linked to an effort to defraud the Sedoys who became judgment creditors in 2013 because of the state court suit. That

---

[2] I assume, without deciding, that a CUFTA claim can be brought against members of a Limited Liability Company. However, the Colorado Limited Liability Act has its own provision proscribing distributions to members that exceed the value of the assets. C.R.S. § 7-80-606. Members who receive distributions in violation of the statute are liable only to the LLC itself. *Weinstein v. Colborne Foodbotics, LLC,* 302 P.3d 263, 266-67 (Colo. 2013).

time difference is not necessarily dispositive. The statute applies to transfers made with the intent to defraud creditors or a belief that it would render the debtor unable to pay its debts whether the creditor's claim arose before or after the transfer. However, the problem with this claim is that its allegations regarding the supposed transfer are too conclusory as to merit the presumption of truth or to state a plausible claim for relief.

Bear in mind that the circumstances constituting fraud must be pled with particularity, although intent may be alleged generally. Fed. R. Civ. P. 9(b).[3] The claim as stated does not allege, other than upon information and belief, that any transfers were made to Mr. Provine or Mr. Cunniffe. It does not allege any details such as when the transfers were made, how much was transferred, or what condition the transfers left the LLC in vis-à-vis the claims of any debtors. "Allegations of fraud may be based on information and belief when the facts in question are peculiarly within the opposing party's knowledge and the complaint sets forth the factual basis for the plaintiff's belief." *Scheidt v. Klein,* 956 F.2d 963, 967 (10th Cir. 1992). However, I find that the First Amended Complaint does not set forth the factual basis for the Sedoys' belief that such transfers were made.

I note as well that I am not deciding this motion in a vacuum. By the time the First Amended Complaint was filed the case was already six months old. Now it is 15 months old and trial is a month away. The discovery cutoff was October 31, 2016.[4] It is hard to say in this context that the facts in question are peculiarly within the defendants' knowledge. Plaintiffs have had an ample opportunity to develop the facts through discovery or investigation or

---

[3] This is likewise required under Colo. R. Civ. P. 9(b).

[4] The Court extended the original cutoff date of August 8, 2016 twice on plaintiffs' requests. *See* ECF Nos. 81, 111, 112, 116 and 118.

otherwise, but they have not sought to amend their complaint to provide particularity concerning the fraudulent transfer claim.

Accordingly, I will grant the motion but dismiss this claim without prejudice. If plaintiffs have the goods, they may amend their complaint to assert the circumstances constituting the fraudulent transfer with particularity. Otherwise, I see no reason to require defendants to spend time and resources preparing to try the claim.

## ORDER

Defendants' motion to dismiss, ECF No. 87, is GRANTED IN PART AND DENIED IN PART. Plaintiffs' claims against JW Ventures are dismissed with prejudice. Plaintiffs' third claim asserting fraudulent transfer is dismissed without prejudice. The motion is otherwise denied.

DATED this 23rd day of December, 2016.

BY THE COURT:

_____
R. Brooke Jackson
United States District Judge